*A. J. Cushing*, for plaintiff.
*Edwards & Angell*, for defendant.

---

SUSAN K. BOURNE *vs.* JOHN CAMPBELL.

PROVIDENCE—DECEMBER 6, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Conveyance of Estates in Lands. Power of Attorney. Statute of Frauds.*

Gen. Laws R. I. cap. 233, § 6—the statute of frauds—providing for an agreement or memorandum in writing signed by the party to be charged on any contract for the sale of lands or for the making of a lease for a longer time than 'one year, or by some other person by him thereunto lawfully authorized, is not restrictive of the provisions of Gen. Laws R. I. cap. 202, § 16, which requires any conveyance executed by attorney to be executed under a power of attorney given by the grantor for that purpose, with the like formalities required by Gen. Laws R. I. cap. 202, § 2.

(2) *Principal and Agent. Seals.*

An instrument conveying lands by way of lease for a term exceeding one

year, not under seal, signed by the agent of the lessor individually and not as agent, is the personal act of the agent and does not bind the lessor.

Trespass and Ejectment. The instrument under which the defendant claimed to hold the premises for a term of years was signed by the son of the plaintiff, describing himself in the body of the instrument as "acting on behalf of" the plaintiff. The instrument was not under seal. The remaining facts are sufficiently stated in the opinion. Heard on petition of defendant for new trial. New trial denied.

(1)    Matteson, C. J. This is an action of trespass and eject- ment. The defendant claims to hold the premises demanded under a lease for a term of years which had not expired at the bringing of the suit. This so-called lease, however, appears to be signed, not by the plaintiff, but by her son, Alexander P. Bourne, and recites that he was acting in her behalf. No written evidence is submitted that Alexander P. Bourne was ever authorized in writing to sign the paper so as to bind the plaintiff, assuming that it can be construed as a lease instead of a mere agreement for a lease, which it purports on its face to be.

Gen. Laws R. I. cap. 202, § 2, requires that every conveyance of land for a longer period than one year shall be in writing. Section 16 of the same chapter provides that every conveyance executed by attorney shall be as valid as if executed by a grantor, provided that a power of attorney for the purpose be given by the grantor, which power and deed executed by the attorney shall be signed, acknowledged, delivered, and re- corded with the formalities prescribed by law concerning deeds from grantors in person, thus, by implication, excluding the validity of any conveyance by attorney unless in manner and with the formalities mentioned.

The defendant refers to Gen. Laws R. I. cap. 233, § 6, that "No action shall be brought—First. Whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer time than one year; . . . unless the promise or agree-

ment upon which such action shall be brought or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized;" and argues that the subsequent ratification of the act of the agent by the conduct of the party without writing is sufficient. Though this statute omits the words "in writing," and requires merely that the agent signing shall be lawfully authorized, it is evident that, in case of the conveyance of lands for a longer period than one year, the authorization must be in writing; otherwise a person might be charged without having himself signed any writing, and thus his land be conveyed for a longer period than a year without a deed in writing, contrary to the provisions of Gen. Laws R. I. cap. 202, § 2. To hold differently would be to expose titles to land to the uncertainty and mischiefs which it is the purpose of the statute to prevent.

(2)    Moreover, the agreement does not purport to be signed by the plaintiff, or by Alexander P. Bourne as her agent or attorney, but is signed by him individually. It cannot be regarded, therefore, as the agreement of the plaintiff. *City of Providence* v. *Miller*, 11 R. I. 272.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict for the plaintiff for possession and costs.

*James C. Collins, Jr.,* for plaintiff.
*Conley & Cronin,* for defendant.